IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

BRIAN HEATH HARRISON, #180 123    *

    Plaintiff,    *

v.    *    2:11-CV-500-MEF
        (WO)
ROBERT NIELSEN, *et al.*,    *

    Defendants.    *

## RECOMMENDATION OF THE MAGISTRATE JUDGE

On August 25, 2011 the court granted Plaintiff twelve days to show cause why his complaint should not be dismissed for his failure to submit a prison account statement from the inmate account clerk at the Red Eagle Honor Farm as directed by order filed June 27, 2011. (*See Doc. No. 10.*) Plaintiff was cautioned that his failure to comply with the August 25, 2011 order would result in a Recommendation that his complaint be dismissed. (*Id.*) The requisite time has passed and Plaintiff has not complied with the orders of the court. Consequently, the court concludes that dismissal of this case is appropriate for Plaintiff's failures to comply with the orders of the court and to prosecute this action.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED without prejudice for Plaintiff's failures to comply with the orders of the court and to prosecute this action.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said

Recommendation on or before **October 14, 2011**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party  objects. Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 30th day of September, 2011.

      /s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE